UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IMIESHA M. S., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>ANDREW SAUL, Commissioner of Social Security, <br><br>　　　　Defendant. | No. CV 18-6934 FFM <br><br>MEMORANDUM DECISION AND ORDER |

  Plaintiff Imiesha M. S. ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Order Granting Plaintiff's Request re Cross-Motions for Summary Judgment, filed on June 25, 2019, on August 30, 2019, Plaintiff filed her motion for summary judgment; on September 9, 2019 defendant filed his cross-motion for summary judgment; on September 30, 2019 defendant filed his opposition to Plaintiff's motion for summary judgment; and on December 5, 2019, Plaintiff filed her opposition to defendant's cross-motion for summary judgment. The Court has reviewed

/ / /

the administrative record (the "AR") and the filings of the parties. For the reasons stated below, the Court DENIES Plaintiff's motion for summary judgment, GRANTS defendant's cross-motion for summary judgment, and affirms the decision of the Commissioner.

**PRIOR PROCEEDINGS**

On December 29, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. (AR 127, 133.) After her applications were denied, Plaintiff requested a hearing before an administrative law judge ("ALJ"). On February 14, 2017, ALJ John Giannikas held a hearing. (AR 34-61.) Plaintiff appeared at the hearing with counsel and testified. (*See id.*)

On May 31, 2017, the ALJ issued a decision denying Plaintiff benefits. (AR 33.) Therein, the ALJ found that plaintiff suffers from the following severe impairments: "depressive disorder, secondary to general medical condition, and malingering." (AR 19.) The ALJ also determined that Plaintiff possesses the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: "the ability to understand, remember, and carry out simple instructions, interact with coworkers and supervisors on an occasional and superficial basis, and adjust to changes in a routine work setting." (AR 20.) In determining plaintiff's RFC, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (AR 21.) Based on Plaintiff's RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff is capable of performing work existing in the national economy and is therefore not disabled. (AR 28.)

On June 12, 2018, the Appeals Council denied review. Plaintiff initiated this action on August 13, 2018. (Dkt. 1.)

/ / /

/ / /

2

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that her own statements as to her physical limitations and medical statements from Dr. Wengel, Dr. Wang, and Dr. Iseke (D.C.) all support her claim. Plaintiff attaches the medical statements to her motion and attaches additional medical statements, some of which are not in the AR, to her opposition to defendant's cross-motion.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995)). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

**DISCUSSION**

A. <u>The ALJ Properly Considered the Medical Opinion Evidence</u>

Plaintiff does not argue that the ALJ's decision was not supported by sufficient evidence. Rather, Plaintiff simply argues that other evidence would support a finding of disability. However, the ALJ is entitled to resolve an evidentiary conflict between

conflicting opinions and need not provide specific and legitimate reasons for giving weight to, *e.g.*, one treating physician's opinion over another's. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld"). In any event, no evidence *from an acceptable medical source* supports the degree of limitations Plaintiff contends that she has.

None of the statements from Drs. Wengel and Wang supports any limitations in excess to what the ALJ determined. Moreover, the ALJ properly rejected the only opinion on which Plaintiff relies that provided greater limitations than those found by the ALJ. In this regard, Plaintiff relies on the opinion of Dr. Iseke, a chiropractor not a medical doctor, limiting Plaintiff to not prolonged standing and sitting. In rejecting this opinion, the ALJ explained:

> First, the objective record thus far did not support any allegation or treatment of back or wrist pain arising from the July 2014 accident. All treatment notes pointed to bilateral ankle sprains and pain. (Exhibit lF). Secondly, SSR 06-03p provides that "acceptable medical sources" are licensed physicians, licensed or qualified psychologists, licensed optometrists, licensed podiatrists, or qualified speech-language pathologists. Making a distinction between "acceptable medical sources" and medical sources who are not "acceptable medical sources" facilitates the application of our rules on establishing the existence of an impairment, evaluating medical opinions, and who can be considered a treating source. While a chiropractor is not an "acceptable medical source," his opinion can still be used to show the severity of an impairment and how it affects the claimant's ability to function. Nevertheless, in this case, he failed to provide a scintilla of clinical evidence to support his contentions regarding the claimant's limitations. He appeared to base the proposed limitations on

///

4

the claimant's subjective complaints and the alleged implementation of various
conservative treatment methods.

AR 22.

The foregoing reasons were permissible ones for rejecting the chiropractor's opinion. First, an ALJ is not required to give the opinion from a source that is not an acceptable medical source the same weight as he would the opinion from an acceptable medical source. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (defining "medical opinions" as, in pertinent part, statements from "acceptable medical sources"), 404.1527(d), 416.927(d) (describing weight to give medical opinions); *see also Gomez v. Chater*, 74 F.3d 967, 970-971 (9th Cir. 1996) (holding that the regulations permit the Commissioner to give "less weight" to opinions from "other sources").

Second, "[a]n ALJ may reject [even a] treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Third, failure of the record to support the opinion is a legitimate reason to reject the opinion. *See e.g., Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ provided specific and legitimate reasons for rejecting treating doctor's opinion, as that opinion was inconsistent with doctor's examination notes as well as internally inconsistent and not supported by any findings made by treating doctor or any other doctor).

The ALJ followed this discussion of permissible reasons for rejecting the opinion of the chiropractor with additional reasons:

> Moreover, Mr. Iseke's description of the claimant's multiple attempts with treatment was inconsistent with the record. As of February 2015, she had not used crutches or the CAM boot provided to her. She had not attended any physical therapy sessions she received referrals for. Her only complaint was bilateral ankle pain and she claimed she had not worked since July

///

5

2014 due to the bilateral ankle/heel injury. The claimant's main purpose for
the visit, however, was to complete disability forms. (Exhibit 3F/l l).

*Id.*

Plaintiff argues that the ALJ misconstrued the record, because there are references in the record to her using crutches and a CAM boot. Plaintiff is correct to the extent that there was no evidence that Plaintiff had *never used* the crutches or a CAM boot. On the contrary, the treatment note referenced by the ALJ merely indicated that Plaintiff *no longer was using* the crutches or a CAM boot as of February 2015. (AR 232.) Although the ALJ's statement, depending on how it is interpreted, may have been incorrect, the Court finds any error with respect to Plaintiff's use of crutches and a CAM boot to be harmless.

An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Harmless error may occur when the ALJ provides other record-supported reasons for the determination in question; when the error occurs in a step the ALJ was not required to perform; when the mistake was nonprejudicial to the claimant; or when the error was irrelevant to the ultimate disability conclusion. *Stout*, 454 F.3d at 1055; *see also Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (error in asserting that plaintiff sat while watching television harmless where ALJ provided numerous other reasons supported by substantial evidence for discounting plaintiff's testimony).

Here, the medical record thoroughly supported the rejection of the chiropractor's opinion. Whether Plaintiff had used crutches and a CAM boot initially was of no moment. Her injuries were far less severe than she had claimed and no approved medical source suggested any limitations similar to those suggested by the chiropractor. Therefore, remand is not required with respect to the rejection of the chiropractor's opinion.

B. <u>The ALJ Permissibly Discredited Plaintiff</u>

ALJs engage in a two-step analysis to determine whether a claimant's subjective complaints about the severity of her symptoms are credible. First, the ALJ must determine whether the claimant has produced evidence of an impairment that is reasonably likely to cause the alleged symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 349 (9th Cir. 1991) (en banc). If the claimant satisfies the first prong of the analysis, she is not required to produce medical evidence supporting her symptoms' alleged severity. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations omitted). Rather, the ALJ moves on to the second step of the analysis and may discredit the claimant's subjective complaints only upon: (1) providing clear and convincing reasons for doing so or (2) finding affirmative evidence of malingering. *Smolen*, 80 F.3d at 1281.

The ALJ noted that "the record suggests significant issues with the consistency of the claimant's allegations and presentations during examinations," and described in detail those inconsistencies. (*See* AR 21-27.) Among other such instances, the ALJ described an instance where Plaintiff told an orthopedic examining physician that a car had run over both of her legs, fracturing them, and requiring her to use leg braces for six months. In fact, the car had struck the back of her heels, did not even knock her off her feet, and broke no bones. (AR 23.) Moreover, Plaintiff never was prescribed or used leg braces. (*Id*.) The ALJ also referenced an instance where an examining physician opined that Plaintiff was making a conscious effort to perform poorly. (AR 26.) The ALJ also found that the objective medical evidence did not support any of Plaintiff's excess symptom allegations. (AR 21.)

In determining credibility, an ALJ may consider conflicts between the claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Moreover, although an ALJ may not premise the rejection of the claimant's testimony regarding subjective symptoms *solely* on the lack of medical support (*Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir.

7

1996), weak objective support does undermine subjective complaints of disabling symptoms. *See Tidwell v. Apfel*, 161 F.3d 599, 601-02 (9th Cir. 1998); *see also Thomas*, 278 F.3d at 959; *Regennitter v. Commissioner of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (finding that subjective complaint is "inconsistent with clinical observations" can constitute clear and convincing reason for rejecting testimony if supported by specific findings).

The Court finds that the ALJ did not err in discrediting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and defendant's cross-motion for summary judgement is GRANTED. The judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: April 8, 2020

                            /S/ FREDERICK F. MUMM
                            FREDERICK F. MUMM
                            United States Magistrate Judge